United States District Court
Southern District of Texas
**ENTERED**
May 20, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| DECARLOS MONTRAY GARRETT, | § | |
| TDCJ #1832292, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. H-21-2392 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

State inmate DeCarlos Montray Garrett, representing himself, has filed a petition for a writ

of habeas corpus under 28 U.S.C. § 2254, challenging his 2002 Texas conviction and sentence for

aggravated robbery.  (Docket Entry No. 1).  The respondent has filed a motion for summary

judgment, together with a copy of the state court record.  (Docket Entry Nos. 11, 12, 13).  Garrett

filed a timely reply and exhibits.  (Docket Entry Nos. 14, 16).  Garrett then filed a motion to

withdraw his petition, without prejudice, to allow him more time to obtain evidence.  (Docket

Entry No. 17).  Based on the pleadings, the motion, the record, and the applicable law, the court

denies Garrett's motion to withdraw his writ, grants the respondent's motion for summary

judgment, and dismisses the case by separate order.  The reasons are explained below.

I.      **Background and Procedural History**

In 2001, Garrett was indicted in two separate state-court cases:  one for the aggravated

robbery of Faye Eason, (Cause No. 870048, Docket Entry No. 12-17, p. 13), and one for the

aggravated robbery of Edwin Seligman.  (Cause No. 886344, Docket Entry No. 12-5, p. 6).  In

both trials, the jury found Garrett guilty as charged.  In the Seligman case, the court sentenced

Garrett, in accordance with the jury's verdict, to a 99-year prison term.  (Docket Entry No. 12-5, p. 97).  In the Eason case, the court sentenced Garrett, in accordance with the jury's verdict, to a 45-year prison term.  (Docket Entry No. 12-17, pp. 197-200).  The First Court of Appeals affirmed Garrett's convictions and sentences in separate appeals.  *See Garrett v. State*, 01-02-00320-CR, 2003 WL 203556 (Tex. App.—Houston [1st Dist.] Jan. 30, 2003, no pet.) (Cause No. 886344); *Garrett v. State*, 01-02-00321-CR, 2003 WL 21100761 (Tex. App.—Houston [1st Dist.] May 15, 2003, no pet.) (Cause No. 870048).  Garrett did not file a petition for discretionary review in either case.  (Docket Entry No. 11-1).

Garrett signed his first application for a state writ of habeas corpus in the Seligman case in February 2004, raising claims of a defective complaint and indictment, ineffective assistance of counsel, perjury by the State's witnesses, and trial-court error.  *See Garrett v. State*, Writ No. 60,248-02 (Docket Entry No. 12-40, pp. 8-36).  The Texas Court of Criminal Appeals denied this application in January 2005.  (*Id.* at p. 2).

While that application was pending, Garrett signed his first application for a state writ of habeas corpus in the Eason case, claiming, among other things, that the prosecutor withheld exculpatory portions of a videotape.  *See Garrett v. State*, Writ No. 60,248-01 (Docket Entry No. 12-37, pp. 8-42).  The Court of Criminal Appeals denied that application, without written order, in January 2005.  (*Id.* at 2).

In January 2005, Garrett filed his first petition for a federal writ of habeas corpus under 28 U.S.C. § 2254, raising only claims arising from the Eason case.  (Civil Action No. H-05-304, Docket Entry No. 1, pp. 2-8).  This court dismissed his petition as untimely, (*Id.* at Docket Entry

No. 19), and the Fifth Circuit Court of Appeals denied Garrett a certificate of appealability.[1]  (*Id.* at Docket Entry No. 32).

In June 2018, Garrett signed a second application for a state writ of habeas corpus in the Seligman case, alleging that the prosecutor withheld still photos from the videotape of the robbery involving Faye Eason, and ineffective assistance of counsel.[2]  *See Garrett v. State*, Writ No. 60,248-03 (Docket Entry No. 13-16, pp. 5-22).  Garrett alleged that his claims were timely because he had just discovered the photographs in files turned over to him in response to his open-records request.  (*Id.* at 8).  The Texas Court of Criminal Appeals dismissed this application as a subsequent application under Texas Code of Criminal Procedure article 11.07, § 4(a)-(c), in June 2021.[3] (Docket Entry No. 13-13).

While his second state habeas applications were pending in both cases, Garrett filed a second federal habeas petition in September 2018, challenging his judgment in the Eason case. (Civil Action No. H-18-3210, Docket Entry No. 1).  That petition was dismissed as successive. (*Id.* at Docket Entry No. 3).

Garrett then filed his first federal habeas petition challenging his judgment in the Seligman case in September 2018.  (Civil Action No. H-18-3217, Docket Entry No. 1).  He alleged that the prosecutor had withheld favorable evidence, including a videotape, police reports, and witness statements; that his attorney had provided ineffective assistance; and that the State had presented perjured testimony about the DNA evidence.  (*Id.* at Docket Entry No.1, pp. 6-7).  Three weeks

---

[1]A second § 2254 petition identifying the same underlying Cause Number was dismissed as a duplicate.  *See Garrett v. Dretke*, Civil Action No. H-05-321 (S.D. Tex. Feb. 5, 2005).

[2]Faye Eason was the victim in Cause Number 870048, but Garrett's application identified his claims as arising from the Seligman case, Cause Number 886344.

[3]Garrett filed a similar state habeas application in the Eason case, Cause Number 870048.  (Docket Entry No. 13-40).  It appears from the record that this application is still pending.

later, Garrett moved to voluntarily withdraw the petition without prejudice, (*Id.* at Docket Entry No. 3), and the court granted that motion in October 2018.  (*Id.* at Docket Entry No. 4).

Garrett filed his current petition for federal habeas corpus relief in July 2021.  (Docket Entry No. 1, p. 10).  The petition challenges his judgment in the Seligman case, Cause No. 886344, and alleges the following claims:

> 1.      The prosecutor improperly withheld exculpatory evidence in the form of a videotape and statements and police reports that implicate other perpetrators.
>
> 2.      Counsel provided ineffective assistance by:
>
> > a.      failing to investigate, develop, and present evidence of the unedited videotape;
> >
> > b.      failing to object to evidence of extraneous offenses;
> >
> > c.      opening the door to the admission of evidence of the extraneous offenses;
> >
> > d.      failing to request notice of the State's intent to introduce evidence of extraneous offenses; and
> >
> > e.      failing to request a jury instruction regarding the use of the extraneous offense evidence.
>
> 3.      The evidence presented at trial was discredited and would not be admissible under the current version of Texas Code of Criminal Procedure article 11.073, making Garrett's conviction a miscarriage of justice.
>
> 4.      The trial court erred in admitting evidence of Garrett's juvenile offenses.
>
> 5.      The appellate court erred in dismissing Garrett's second state habeas application because that court had no jurisdiction when it ruled.

(*Id.* at 6-7, 12).

The respondent filed a motion for summary judgment, arguing that Garrett's petition should be dismissed as successive and as barred by limitations.  (Docket Entry No. 11).  After

filing a reply to the respondent's motion, (Docket Entry No. 14), and exhibits in support of his reply, (Docket Entry No. 16), Garrett filed a motion to withdraw his petition without prejudice. (Docket Entry No. 17).

## II.    Discussion

### A.    Motion for Voluntary Dismissal

More than five months after the State filed its motion for summary judgment and several months after filing his reply and exhibits, Garrett filed a "Motion to Withdraw the Writ Pending Before the Court."  (Docket Entry No. 17).  Garrett alleges that his property was either lost or destroyed by TDCJ or the Harris County Sheriff's Office, and that he will have to "re-obtain" the evidence necessary to support his claims.  (*Id.* at 1-2).  He asks the court to dismiss his petition without prejudice and give him leave to refile when he has the evidence to support his claims.  (*Id.* at 2).

The court construes Garrett's motion to withdraw his petition as a motion for voluntary dismissal under Rule 41(a)(1) of the Federal Rules of Civil Procedure.  "Rule 41(a)(1) permits a plaintiff to dismiss an action without prejudice only when he files a notice of dismissal before the defendant files an answer or motion for summary judgment and only if the plaintiff has never previously dismissed an action 'based on or including the same claim.'"  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 394 (1990).  If the defendant has filed a motion for summary judgment, "the plaintiff may dismiss the action only by stipulation . . . or by order of the court, 'upon such terms and conditions as the court deems proper.'"  *Id.* (citing FED. R. CIV. P. 41(a)).  "If the plaintiff invokes Rule 41(a)(1) a second time for an 'action based on or including the same claim,' the action must be dismissed with prejudice."  *Id.*

The respondent has filed a motion for summary judgment. Garrett may not voluntarily dismiss his petition without leave of court. *See* FED. R. CIV. P. 41(a)(1)(A)(i). And because Garrett previously voluntarily dismissed the federal petition he filed raising the same claims that he raises here, *see* Civil Action No. H-18-3217, he may not voluntarily dismiss this petition without prejudice. *See* Fed. R. Civ. P. 41(a)(1)(B). The court denies Garrett's motion to withdraw his petition without prejudice. (Docket Entry No. 17).

### B.    Successive Petition

The respondent argues that Garrett's petition should be dismissed as successive because he has filed two prior federal habeas petitions. (Docket Entry No. 11, pp. 8-12). Neither of these prior petitions support finding his current petition successive.

Garrett's petition for federal habeas corpus relief is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254; *see also Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Under AEDPA, "a state prisoner always gets one chance to bring a federal habeas challenge to his conviction." *Banister v. Davis*, 140 S. Ct. 1698, 1704 (2020) (citing *Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010)). To file a second or successive petition, the prisoner "must first obtain leave from the court of appeals based on a 'prima facie showing' that his petition satisfies [AEDPA]'s gatekeeping requirements." *Id.*

But AEDPA does not define a "second or successive" petition. The Fifth Circuit has "held that a petition is successive when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'" *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008) (quoting *In re Cain,* 137 F.3d 234, 235 (5th Cir. 1998)). When a petitioner is seeking habeas review of separate

6

judgments arising from separate proceedings, the petitioner is "*permitted*, but not *required*, to challenge his separate convictions in a single § 2254 petition." *Id.* at 276 (emphasis in original). If a petitioner elects to file a petition challenging only one of his separate, multiple judgments, a second petition challenging the second judgment "is not 'second or successive' within the meaning of § 2244." *Id.; see also Parker v. Davis,* 914 F.3d 996, 999 (5th Cir. 2019) (per curiam) (rejecting the argument that a second-in-time federal petition challenging a separate judgment from the same court was successive).

Garrett is incarcerated based on two separate state-court judgments entered on two separate dates after two separate jury trials. Under *Hardemon*, he had the option to challenge each of these separate state-court judgments in separate federal habeas petitions, and he chose to do so. His current petition challenging the judgment in the Seligman case, Cause No. 886344, is therefore not "successive" to his January 2005 federal petition challenging the judgment in the Eason case, Cause No. 870048, and cannot be dismissed on this basis.

In addition, Garrett's current petition is not "second or successive" despite the earlier petition he filed in federal court. (Civil Action No. H-18-3217). Garrett voluntarily dismissed that petition before an answer was ordered or filed, based on his need to exhaust his state remedies. *See* Civil Action No. H-18-3217, Docket Entry No. 4 (S.D. Tex. Oct. 5, 2018). While his current petition is second in time, a second petition "filed after an initial petition was dismissed *without adjudication on the merits* for failure to exhaust state remedies is not a 'second or successive' petition." *Burton v. Stewart*, 549 U.S. 147, 155 (2007) (per curiam) (quoting *Slack v. McDaniel*, 529 U.S. 473, 478 (2000) (emphasis added)). Garrett's voluntary dismissal of his prior petition did not result in an adjudication on the merits, so his current petition is not "second or successive" under *Burton*. The respondent's motion for summary judgment on this basis is denied.

7

C.      **Statute of Limitations**

In the alternative, the respondent argues that Garrett's current petition should be dismissed as barred by limitations.   AEDPA sets a one-year limitations period for seeking federal habeas review.  *See* 28 U.S.C. § 2244(d).  This limitations period runs from the latest of four dates:

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Because Garrett's petition challenges his state-court judgment in the Seligman case, Cause No. 884366, his time to file a federal habeas petition challenging that judgment began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The pleadings and matters of record show that Garrett's conviction in the Seligman case became final for the purposes of federal habeas review in March 2003, when his time to seek further review in the state courts expired.  *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (when a defendant stops the appeal process before entry of a judgment by the state court of last resort, "the conviction becomes final when the time for seeking further direct review in the state court expires"); *see also* TEX. R. APP. P. 68.2(a) (a petition for discretionary review must be filed within 30 days after the date the court of appeals' judgment was rendered).  The deadline for Garrett to file a timely federal habeas petition was one

year later, in March 2004.  But Garrett did not file his federal habeas petition until July 2021—more than 17 years after the one-year limitations period expired.  His petition is time-barred unless a basis for extension applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending extends the limitations period.  *See Artuz v. Bennett,* 531 U.S. 4, 5 (2000).  Garrett signed his first application for a state writ of habeas corpus in the Seligman case in February 2004, and the Court of Criminal Appeals denied it in January 2005.  This entitles Garrett to 351 days of statutory extension for that claim, extending his deadline to seek federal habeas review until February 2005.  Garrett's July 2021 petition was filed long after even that extended deadline.  His claims are time-barred unless another basis for extension applies.

Garrett has not alleged that any unconstitutional state action prevented him from filing his federal habeas petition before limitations ended.  *See* 28 U.S.C. § 2244(d)(1)(B).  He has not alleged that his claims are based on a newly recognized constitutional right.  *See* 28 U.S.C. § 2244(d)(1)(C).  Instead, he argues that he should be entitled to an extension under 28 U.S.C. § 2244(d)(1)(D), which provides that the limitations period for claims based on newly discovered evidence begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  In support of his position, Garrett argues that the prosecutor played only an edited version of a videotape of the offense at trial, that he received a copy of the unedited videotape in June 2017, as a result of an open-records request, and that the unedited videotape demonstrates his innocence and shows that several witnesses lied at trial.  (Docket Entry Nos. 1, p. 9; 14, pp. 3-5).  He argues that the unedited videotape should be

considered as newly discovered evidence and that the limitations period for this claim should begin to run in June 2017, when he received a copy of the unedited videotape.

The limitations period under § 2244(d)(1)(D) runs from the date on which the petitioner learns of the factual predicate for his claim, not the date on which the petitioner obtains evidence in support of his claim. *See Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998) (rejecting the petitioner's argument that the limitations period should run from the date he received his attorney's affidavit because "[s]ection 2244(d)(1)(D) does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim").  The record shows that Garrett was aware as early as his 2002 trial that the prosecutor had played only an edited version of the videotape.  He alleged in his July 2004 state habeas application that the State withheld exculpatory evidence by failing to play the unedited videotape for the jury.  (Docket Entry No. 12-37, p. 19).  The record demonstrates that the factual predicate for Garrett's current claim is not newly discovered, even though the physical evidence supporting that claim is newly received.  The fact that Garrett did not have a copy of the unedited videotape in his possession until June 2017 did not prevent him from pursuing state habeas relief, nor did it prevent him from timely pursuing federal habeas relief.  This statutory basis does not extend the limitations period on Garrett's otherwise untimely claim.  As a result, there is no statutory basis to allow Garrett to avoid the effect of the AEDPA limitations period.

Nor is there an equitable basis to extend the limitations period.  Equitable tolling is an extraordinary remedy that applies only "when strict application of the statute of limitations would be inequitable."  *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010) (quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006)); *see also Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (equitable tolling applies only "in rare and exceptional circumstances").  A "'[habeas] petitioner'

is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The failure to meet the statute of limitations "must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d at 875. A "garden variety claim of excusable neglect" does not support equitable tolling. *Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (citations omitted). Neither lack of knowledge of the law or filing deadlines nor layman status excuses delay. *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (citing cases). The habeas petitioner has the burden of justifying equitable tolling. *See Holland*, 560 U.S. at 649; *Hardy v. Quarterman,* 577 F.3d 596, 598 (5th Cir. 2009) (per curiam).

Garrett has neither alleged nor pointed to facts that would support a claim for equitable tolling. Garrett has been aware of the State's failure to play the unedited videotape for the jury since his trial in 2002. He filed a timely state habeas application raising the issue. He then waited almost 13 years after that application was denied to file his first federal habeas petition raising that issue. And he then waited another 3 years after his voluntary dismissal to refile his federal petition. While Garrett alleges that his open-records requests were ignored, he does not adequately explain the over-long delay in pursuing his rights. Equitable tolling does not apply to those who "sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)).

Garrett does not make a sufficient showing of either a statutory or equitable basis for extending the limitations period. His petition challenging his judgment in the Seligman case, Cause No. 886344, is time-barred and dismissed on this basis.

11

### D. Procedural Default

Finally, even if Garrett's current petition was not barred by limitations, the claims he raises are procedurally defaulted. Generally, "[a] federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both *independent* of the merits of the federal claim and *adequate* to support that judgment." *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995) (citing *Harris v. Reed*, 489 U.S. 255, 260, 262 (1989)); *see also Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A state procedural ground is "independent" of federal law when the state court has "clearly and expressly" indicated that its judgment rests on a state procedural bar. *Amos*, 61 F.3d at 338 (quoting *Harris*, 489 U.S. at 263). A state procedural ground is "adequate" when the "state rule [is] 'firmly established and regularly followed[.]'" *Walker v. Martin*, 562 U.S. 307, 316 (2011) (quoting *Beard v. Kindler*, 558 U.S. 53, 60-61 (2009)).

The Fifth Circuit has held that the dismissal of a Texas state habeas application as a "subsequent" application is an adequate state procedural ground that bars federal habeas review. *See Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (quoting *Ex parte Barber*, 879 S.W.2d 889, 892 n.1 (Tex. Crim. App. 1994)). The record shows that the Court of Criminal Appeals dismissed Garrett's second state habeas application in the Seligman case, Cause No. 884366, in which he first raised the claims he now raises in this federal petition, as an improper subsequent application under Article 11.07, § 4. *See Garrett v. State*, Writ No. 60,248-03 (Docket Entry No. 13-13). Under *Fearance*, the dismissal of Garrett's state habeas application on this basis was an independent and adequate state procedural ground for dismissal, which bars federal review of his claims unless his default can be excused.

12

A procedural default may be excused if the petitioner shows cause for the default and actual prejudice.  *See Coleman*, 501 U.S. at 750.  "Cause" for a procedural default occurs when "something *external* to the petitioner, something that cannot fairly be attributed to him . . . 'impeded [his] efforts to comply with the State's procedural rule.'"  *Id.* at 753 (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).  "Actual prejudice" occurs when errors at trial "worked to [the petitioner's] actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  *United States v. Frady,* 456 U.S. 152, 170 (1982).  A procedural default may also be excused if the petitioner demonstrates that the "failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.  Such a miscarriage of justice occurs "when the claimed injustice is that constitutional error has resulted in the conviction of one who is actually innocent of the crime."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In his petition, Garrett alleges that he is actually innocent, but he does not explain how either the unedited videotape or other evidence shows his innocence.  Nor does he allege facts showing that anything external to him impeded his efforts to bring his claims in a timely manner.  Nothing in either the petition or reply supports a conclusion that anything other than Garrett's own inaction caused the more than 15-year delay in his receiving the unedited videotape.  In addition, Garrett does not describe the contents of the videotape or explain how it establishes his innocence.  He has not shown that he was prejudiced by the jury seeing only the edited version, or that the use of the edited videotape resulted in errors of "constitutional dimension."  Because Garrett has not alleged facts sufficient to permit the court to excuse his procedural default, the court is barred by his default from considering his claims.  Garrett's petition is dismissed on this basis as well.

### III.     Certificate of Appealability

Garrett has not requested a certificate of appealability, but Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.  *See* 28 U.S.C. § 2253.  A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires the petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack*, 529 U.S. at 484).  The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack*, 529 U.S. at 484).  When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.  A district court may deny a certificate of appealability on its own, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After carefully considering the record, the court concludes that jurists of reason would conclude without debate that the procedural rulings in this case are correct.  There are no grounds to issue a certificate of appealability.

### IV.     Conclusion

Garrett's motion to withdraw his petition, (Docket Entry No. 17), is denied.   The respondent's motion for summary judgment, (Docket Entry No. 11), is granted.  Garrett's petition

is dismissed with prejudice.  All other pending motions are denied as moot.  A certificate of appealability is denied.  Final judgment is separately entered.

SIGNED on May 19, 2022, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge